**NORTH CENTRAL LIFE INSURANCE COMPANY, Respondent,**

v.

**Edward J. ERNST, Appellant.**

**No. C3–85–1369.**

Court of Appeals of Minnesota.

March 11, 1986.

David R. Pearson, Gary L. Renz, St. Paul, for respondent.

Michael L. Weiner, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Edward Ernst purchased a home in Minneapolis and received disability insurance through a group plan of his mortgagee. Thereafter, appellant was injured on the job. Respondent North Central Life Insurance Co. began paying appellant's mortgage payments. Several months later, respondent asked that appellant undergo vocational evaluation. Appellant refused, and respondent brought a declaratory judgment action in an effort to force appellant to undergo testing. The trial court found that appellant must submit to the evaluation. This appeal followed. We affirm.

## FACTS

Appellant purchased a home in 1973, financing it through Minnesota Federal Savings and Loan, which holds a mortgage on the property. In 1977, Minnesota Federal announced to its customers that it had group disability insurance available through North Central Life Insurance Company. The insurance policy provided that the insurer would make the insured's mortgage payments in the event the insured became totally disabled. The policy defined "total disability" as

[t]he complete and continuous inability of the Insured Debtor, due either to sickness or injury, to engage in any gainful occupation for which he is reasonably fitted by education, training, or experience; except that until disability benefits have been paid under this policy for twelve consecutive months, Total Disability means the complete and continuous inability of the Insured Debtor to perform any and every duty of his regular occupation.

Appellant purchased this disability insurance in 1977. A short time thereafter appellant, who was employed as a railroad conductor, was injured on the job. He applied for disability benefits, which respondent immediately provided.

Respondent had been providing appellant with disability benefits for over three years when respondent asked appellant to submit to a five-day vocational evaluation, at respondent's expense. The purpose of the evaluation, which was scheduled to take place at the Sister Kenny Institute in Minneapolis, was to determine whether appellant could engage in any occupation to which he was reasonably fitted by education, training, or experience. Under the insurance policy, respondent was allowed to demand that the insured undergo examination "when and so often as it may reasonably require * * *." Nonetheless, appellant refused to submit to the vocational evaluation. Respondent brought a declaratory judgment action in an effort to force appellant to comply. The trial court agreed with respondent that the insurer could demand vocational evaluation of the type sought here. This appeal followed.

## ISSUE

Was the trial court clearly erroneous in finding that the insured could be required to submit to a five-day vocational evaluation?

## ANALYSIS

The trial court's findings of fact must be accorded deference by this court, and the findings will be set aside only if they are clearly erroneous. Minn.R.Civ.P. 52.01. In this case, the trial court found that under the insurance contract, the insurer could reasonably expect the insured to submit to a five-day evaluation. There is evidence to support the finding that the Sister Kenny program is a "reasonable vocational evaluation program for the purpose of ascertaining whether or not Ernst is totally disabled * * *." The trial court's findings are not clearly erroneous.

■ Appellant also argues that the insurance contract is ambiguous and should be construed in his favor. The argument relates to language creating one disability definition for a twelve month period and another for ongoing disability. This argument is without merit. An ambiguity exists if there is language in the contract that is reasonably subject to more than one interpretation. *Columbia Heights Motors, Inc. v. Allstate Insurance Co.*, 275 N.W.2d 32, 34 (Minn.1979). We agree with the trial court that there was no ambiguous language in the contract because there was no language reasonably subject to more than one interpretation.

## DECISION

■ The evidence supports the trial court's finding that the insurer could reasonably demand that the insured submit to a five-day vocational evaluation program at the Sister Kenny Institute. Furthermore, the language of the insurance contract is not so ambiguous as to require construction by the court.

Affirmed.